IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 13-cv-02398-RPM

MARK REEVES,

     Plaintiff,
v.

JANICE M. GREENING and
THE LAW FIRM OF JANICE M. GREENING, LLC, (Janice M. Greening, LLC),

     Defendants.
_____

ORDER ON SUMMARY JUDGMENT
_____

     Janice M. Greening practices law as Janice M. Greening, LLC, specializing in representing workers compensation claimants.  Her office in 2012 was in one room with a second room for her daughter, serving as a receptionist and legal assistant.  In the summer of 2012, Greening decided that she needed help and asked Brad Unkeless, a lawyer representing employers in workers compensation claims who taught at The University of Denver College of Law as an adjunct professor, if he knew if any of his former students might be interested in working with her as an associate.  Unkeless suggested Mark L. Reeves who was then living and working in Dallas, Texas.

     After multiple telephone calls between Reeves and Greening, she offered him a position as an associate with an annual salary of $52,000, two weeks vacation and health benefits.  During those conversations, Greening mentioned that she may retire within five years and Reeves may purchase or take over her practice.

     Reeves accepted the offer and moved to Denver, Colorado.  When he arrived at the Greening office, he found that there was no office for him, or even a desk and he

was assigned to work as a receptionist while Greening's daughter was on vacation. Reeves was not given any training or mentoring to work as an attorney representing clients of the office.

After six weeks, Greening told Reeves that it wasn't working out and that she planned to retire earlier than she had said. The employment relationship ended with that conversation.

These facts are not disputed. Reeves filed this action against Greening and her firm, asserting three claims for relief: First, breach of contract for a definite period of time; Second, deceit based on fraud and Third, deceit based upon fraud at plaintiff's termination.

The defendants moved for summary judgment of dismissal of all three claims.

The plaintiff's proposed evidence is not sufficient to support a claim for breach of contract for a period of five years. There is no definite promise of any specific term of employment. At best there may have been an expectancy in the plaintiff's mind but Greening did not commit herself to a contract for that or any other period. Additionally, there is no written agreement and insufficient performance to escape the bar of the Statute of Frauds.

The claim that Greening made a fraudulent statement that she was going to retire when she terminated the plaintiff's employment is not actionable as fraud. That was given as a reason for ending the relationship but there is no detrimental reliance, an element of a fraud claim.

The second claim for relief is based on the conversations leading to Reeves coming to Denver expecting to work as a lawyer in Greening, LLC. That never

happened.  The claim that Greening fraudulently induced the plaintiff to come to work with that expectation should be determined by a jury.  That claim is against the defendant Greening, individually for tortious conduct.

Upon the foregoing, it is

ORDERED, that judgment shall be entered for the defendants dismissing the First and Third Claims for Relief.  It is

FURTHER ORDERED, that the Motion for Summary Judgment on the Second Claim for Relief is denied as to the defendant Janice M. Greening and granted as to Janice M. Greening, LLC.

DATED:   August 19th, 2014

           BY THE COURT:

           s/Richard P. Matsch
           _____
           Richard P. Matsch, Senior Judge